’Chief Justice SimSson
delivered the opinion of the Court.
The only qutestion in this case, is, can the owners of a steamboat, by inserting in the bill of lading, that the boat is not to be accountable for breakage of the contents of boxes received by them as freight; so limit and restrict their undertaking as common harriers; that they will be discharged from áll liability, dlthough an injury to the contents of the boxes, may havé been produced by gross negligence upon their part.
A common carrier can relieve himself by a special 'contract, from his liability as an insurer, and may on receiving goods as freight, insist on special and qualified terms, by which his responsibility is to be limited. Still however the doctrine is well settled, that common carriers cannot by any special agreement exempt themselves from all responsibility so as to evade the salutary policy of the law. They Cannot exempt themselves from liability for losses or injuries occasioned by the gross negligence of themselves or their servants; Story on bailments, 365.
The boxes received in this case by the boat, contained looking glass plates to'f considerable value: Their *64 cbntehts were made known to the officers of the boat; and they were so marked as to indicate that it was necessary to their safety that great care in handling them should be observed. The testimony proves nlbst satisfactorily that they were delivered to the boat át New Orleans in good order, the contents uninjured, find the glass packed with great care. It furlher appears that when they were delivered at Louisville, all the glass in one of the boxes was broken into small fragments. The testimony leaves no room for rational dbubt that the box received during the time it was in the possession bf the boat, a violent concussion, which occasioned the total loss of its contents. An indentation upon the outside of the box; the fact that the plates of glass were of considerable thickness, and not easily broken, and the additional fact that boxes containing glass were turned over and over by the hands on the boat, as if they were boxes of dry goods, all tend to produce that conclusion. Besides, the officers of the boat have failed to prove that the loss was the result of an unavoidable casualty, or to manifest the manner in which it actually occurred. It seems to us therefore, that it must 'have been the consequence of gross negligence.
"Guthrie for plaintiff; Speed for defendant.
Although the responsibility of the owners of the boat 'as common carriers was restricted and modified, by the ■' terms of the bill of lading; yet the provision that they i 'were not to- be accountable for breakage, does not have i the legal effect of exempting them from such injuries as arose from gross negligence, and therefore the decree of the chancellor, which requires them to compensate the ' owner of the glass for the loss he sustained, is consistent ’“with the principles governing-the law of the case.
Wherefore the decree is affirmed.